UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERELL MARSHON JACKSON,

        Petitioner,

v.

PATRICK GLEBE,

        Respondent.

CASE NO. C14-5025 BHS-JRC

ORDER ON PENDING MOTIONS

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner filed four motions between February 4, 2014 and February 27, 2014 (Dkts. 17, 24, 25, and 26). The Court denies three of petitioner's motions and the fourth motion will be addressed by the district court after this Court submits a Report and Recommendation.

Petitioner's first motion is a motion for an evidentiary hearing (Dkt. 17). Evidentiary hearings are not usually necessary in habeas cases. According to 28 U.S.C. §2254(e)(2), a hearing will occur only if a habeas applicant has failed to develop the factual basis for a claim in

1  state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional
2  law, made retroactive to cases on collateral review by the Supreme Court that was previously
3  unavailable, or if there is (2) a factual predicate that could not have been previously discovered
4  through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient
5  to establish by clear and convincing evidence that but for constitutional error, no reasonable fact
6  finder would have found the applicant guilty of the underlying offense.  28 U.S.C. §2254(e)(2).

7      Petitioner raised and argued his sole claim regarding denial of his right to represent
8  himself in state court in his direct appeal (Dkt. 29, Exhibit 8).  Thus, the claim has been factually
9  developed.  Petitioner has not shown that an evidentiary hearing is needed.  Although petitioner
10 states that an evidentiary hearing is needed because he does not have a transcript of his state
11 proceedings, he has not demonstrated to the Court that he needs all transcripts.  Now that
12 respondent has filed the response and record, (Dkt. 27, 28, and 29), petitioner may renew his
13 motion to produce the record if he can articulate what portions of the transcript he needs and why
14 those portions of the transcript are germane to his petition.  The current motion for an evidentiary
15 hearing, (Dkt. 17) is DENIED.

16     Petitioner's next motion is a premature motion for a certificate of appealability (Dkt. 24).
17 The Court will address this issue in its Report and Recommendation.  The decision to grant or
18 deny a certificate of appealability from a "final" order rests with the District Court Judge or
19 Circuit Court Judge, and not with a Magistrate Judge.  *See*, 28 U.S.C. 2253(c)(1).  The district
20 court has not entered any final order in this case.  The district court will need to address this
21 motion (Dkt. 24).

22
23
24

Petitioner's third motion is a motion for reconsideration of the Court's prior order denying petitioner's motion to produce the entire record (Dkt. 25).  Motions for reconsideration are disfavored under this Court's Local Rules.  *See*, Local Rule 7 (h) which states:

> *Standard.* Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Court has again reviewed the pleadings.  Petitioner relies on *Ruff v. Kincheloe*, 843 F.2d 1240, 1243 n. 5 (9th Cir. 1988) for the proposition that the Court must obtain the entire record for independent review.  In *Ruff* the issue was whether an erroneous jury instruction was harmless error.  The Ninth Circuit held that the court is required to review the entire record when doing a harmless error analysis.  Petitioner's claim is a structural error claim that is not subject to a harmless error analysis. *See Mejia v Garcia*, 534 F.3d 1036, 1042 (9th Cir. 2008).  Petitioner's reliance on *Ruff* is misplaced.  Petitioner does not show that the Court's prior ruling is erroneous.

Petitioner also argues that he has a right to the record pursuant to the Fourteenth Amendment (Dkt. 25).  Petitioner has a right to the portions of the record that support his claim.  He does not have a right to portions of the record that are not germane to his petition.  Now that the respondent has filed an answer and the portions of the record he believes are proper; petitioner may be able to articulate what other portions of the record, if any, he needs.  The current motion for reconsideration (Dkt. 25) is DENIED.

Petitioner's final motion is a motion for relief from an order pursuant to Fed. R. Civ. P. 60(b)(4). Petitioner argues that the Court's order denying his motion for the entire record is "void" (Dkt. 26).  Petitioner cites to 28 U.S.C. §2250 in support of his argument.  28 U.S.C. §2250 states:

1    **If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.**

28 U.S.C. § 2250 (emphasis added).

The statute does not require the production of the entire record or entitle an in forma pauperis petitioner to copies of the entire record. Petitioner fails to show that the Court's prior order is incorrect or void. Petitioner's motion, (Dkt. 26), is DENIED.

Dated this 12th day of March, 2014.

_____
J. Richard Creatura
United States Magistrate Judge